IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO C. MARTINEZ, | § | |
| (TDCJ-CID #01185238) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-14-2252 |
| | § | |
| WILLIAM STEPHENS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

**I.     Background**

Francisco C. Martinez, a Texas Department of Criminal Justice inmate, sued in August 2014, alleging civil rights violations resulting from a failure to protect his safety and a denial of access to the courts. Martinez, proceeding *pro se* and *in forma pauperis*, sues William Stephens, the Director of TDCJ-CID; Tracey L. Bailey, the Warden of Estelle Unit; Abubakar Sani and Alexandro Perez, correctional officers; and Frank Hoke, the Manager of the Access to Courts Program. Because this claim cannot proceed, this action is dismissed. The reasons are stated below.

Martinez states that the Estelle Unit is a medical unit with a high percentage of blind and deaf inmates. It does not appear that Martinez is himself blind or deaf. On November 19, 2013, Martinez was housed in Wing D-2 cell 205. He alleges that he was classified as on safekeeping status and should not have been housed with general population inmates. Martinez alleges that there were no signs or auditory signals to advise new inmates that a door is about to open. Martinez alleges 21 cell doors open simultaneously from a remote control operated by the picket officer. Martinez alleges that on November 19, 2013, he was standing in his cell with his left hand on the crossbar of the cell

door, which started to open. He did not have time to move his left hand out of the way, and his hand was caught between the bars. Martinez alleges that Officer Perez, the roving officer, failed to tell the picket officer, Officer Sani, to close the door. Martinez alleges that Officer Perez witnessed the accident, and that after a minute, he made an expression of horror and instructed Officer Sani to close the door to free Martinez's hand. Sergeant Austin escorted Martinez to the infirmary, where he was given a pain reliever and ice. On December 27, 2013, Dr. Monk examined Martinez, took X-rays, and prescribed Naproxen. On March 4, 2014, Dr. Monk prescribed physical therapy. Martinez alleges that as a result of the fracture, he has reduced mobility in his left hand. Martinez asserts that defendants Stephens and Bailey should have been aware of the risk because an inmate had filed a suit in August 2000 complaining of injuries caused by the motorized cell doors.

Martinez also alleges that the law library at Estelle Unit removed all the books from the shelves and requires inmates to request the books and case law they want. The inmates are limited to three books or case law items each day. The cases are printed out from a database and are provided to the inmate the following day. Martinez alleges that not all volumes of State, Federal, and Supreme Court reporters are available and that there is no way to track case history through the headnotes provided by the database. He also alleges that inmates are allowed only 30 minutes extra time in the law library if they ask. The inmate must provide a cause number, the name of the court, relevant deadlines, and the nature of the action, whether criminal or civil, or state that a case will be filed within six months. To obtain a storage box for legal material in the cell, the inmate must prove that he or she has a case filed in court or that one will be filed within six months. Unless the inmate can prove medical conditions preventing access to the top locker of his cell, he cannot be issued a legal box.

2

Martinez seeks a declaratory judgment that the defendants' actions violated his civil rights. He also seeks unspecified compensatory and punitive damages.

## II.     The Legal Standard

Under 28 U.S.C. § 1915A, federal courts are authorized to review as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any parts of the complaint that are frivolous, malicious, or fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III.    The Failure to Protect Claim

An inmate's claim that his Eighth Amendment rights were violated because prison officials failed to protect him from harm requires a showing of deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). The standard compares to "subjective recklessness as used in the criminal law." *Id.* at 839-40. The inmate must show that the officials knew facts from which an inference of risk could be drawn and that they drew the inference. Under special circumstances, official knowledge of a substantial risk may be inferred from the obviousness of that risk. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994). Prison officials receive wide deference in applying policies and

3

practices designed to maintain security and preserve internal order. *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990) (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). A court may not second-guess prison officials' good-faith assessment of the facts before them or the adequacy of their efforts to maintain prison discipline and security.

Martinez claims that the defendants' failure to implement prison policies to warn of dangers associated with the opening and closing of the cell doors violated his Eighth Amendment rights. The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care . . . ." *Palmer v. Johnson,* 193 F.3d 346, 351 (5th Cir. 1999) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). The Constitution does not require comfortable prisons. Deprivations denying "the minimal civilized measure of life's necessities" form the basis of an Eighth Amendment violation. *See also Hernandez v. Velasquez,* 522 F.3d 556, 560 (5th Cir. 2008) ("[i]t is well settled that 'the Constitution does not mandate comfortable prisons,' and that prison conditions may be 'restrictive and even harsh' without running afoul of the Eighth Amendment," quoting *Rhodes,* 453 U.S. at 347, 349); *Alberti v. Sheriff of Harris Cnty.,* 937 F.2d 984, 998 (5th Cir. 1991), *cert. denied sub nom. Richards v. Lindsay,* 504 U.S. 930 (1992).

An inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer,* 511 U.S. at 834. Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.* In prison conditions cases, that state of mind is one of deliberate indifference to inmate health or safety. *See id.* "To establish deliberate indifference . . ., the prisoner must show

that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

Martinez has not pleaded facts that could support this showing. Martinez has not alleged that the defendants knew of, and disregarded, a substantial risk to his health and safety. Martinez alleged that he placed his left hand on the crossbar of the cell door, and it was caught when the picket officer activated the door-opening mechanism. The roving officer on duty saw that Martinez's hand was caught in the door and ordered the picket officer to close the doors and free the hand. The facts Martinez alleges do not demonstrate that he faced an obvious risk to his personal safety or that the defendants deliberately failed to protect his safety, in violation of the Eighth Amendment. Martinez's failure-to-protect claim is dismissed as legally frivolous.

## IV.   The Access-to-the-Courts Claim

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977); *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999). "[B]efore a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate 'that his position as a litigant was prejudiced by his denial of access to the courts.'" *McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (citation omitted); *see also Lewis v. Casey,* 518 U.S. 343, 351 (1996).

A claim for deprivation of one's constitutional right of access to the courts must set forth in the complaint (1) "the underlying cause of action, whether anticipated or lost," and (2) "the official acts frustrating the litigation." *Christopher v. Harbury,* 536 U.S. 403, 414-15 (2002). The access-to-courts right is ancillary to an underlying claim, which is an element that must be described

in the complaint as though it were being independently pursued. The underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give the defendant fair notice. The plaintiff must describe the predicate claim well enough to apply the "nonfrivolous" test and to show the "arguable" nature of the underlying claim. *Harbury,* 536 U.S. at 416.

Martinez fails to specify in his complaint what sort of claims he is or was unable to litigate. Martinez has not alleged the necessary facts to show a nonfrivolous claim. This claim lacks merit.

## V.  The Respondeat Superior Claims

Martinez sued William Stephens, Director of the TDCJ-CID, and Tracey Bailey, Warden at the Estelle Unit, alleging that they were responsible for the operation of the Estelle Unit and should have been aware of the risk to inmate safety from the motorized door-opening mechanism. Martinez has not alleged that these supervisory defendants were personally involved in any of the alleged constitutional violations. He seeks to impose liability on these defendants solely on the basis of their positions as ultimate supervisors.

Individual liability under § 1983 may not be based on a supervisor's vicarious liability for the acts or omissions of employees. *Coleman v. Houston Indep. Sch. Dist.,* 113 F.3d 528, 534 (5th Cir. 1997). Supervisory officials may be liable if their own action or inaction, performed with a certain degree of gross negligence or deliberate indifference, proximately causes a constitutional violation. *Thompson v. Upshur Cnty., Tex.,* 245 F.3d 447, 459 (5th Cir. 2001). Martinez's allegations fail to state a claim under § 1983. The misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor. Martinez's claim that prison officials were acting under the direction of the supervisory defendants does not affirmatively link the misconduct of the named prison employees to the actions of the supervisory defendants. *Monell v. N.Y.C. Dep't of Soc. Servs.,*

436 U.S. 658, 691-95 (1978); *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Southard v. Tex. Bd. of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). And Martinez does not allege that these supervisory defendants were aware of and disregarded a substantial risk to inmate safety. Martinez does not allege facts showing that these defendants were personally involved in the alleged civil rights violations. The claims against Director Stephens and Warden Bailey are dismissed on this basis as well.

## VI. Pendent State Claims

A federal district court has supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over these claims if the court has dismissed the federal claims. *St. Germain v. Howard*, 556 F.3d 261, 363-64 (5th Cir. 2009) (citing 28 U.S.C. § 1367(c)). Because the court has dismissed Martinez's § 1983 claims at a very early stage of case, the court declines to exercise supplemental jurisdiction over the claims he asserts based on state law. Martinez's then state-law claims are dismissed, without prejudice.

## VII. Conclusion

The action filed by Francisco C. Martinez (TDCJ-CID Inmate #01185238) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Martinez's motion for protective order, (Docket Entry No. 11), is denied as moot. Martinez's motion to supplement complaint, (Docket Entry No. 12), is granted. Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on May 4, 2015, at Houston, Texas.

                                              Lee H. Rosenthal
                                         United States District Judge